UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KOZLOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, et al.,<br><br>Defendants. | No. 1:21-cv-00896-DAD-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 4) |

This matter is before the court on plaintiff's motion to remand this action to the Kern County Superior Court. (Doc. No. 4). Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, plaintiff's motion was taken under submission on the papers. (Doc. No. 5). For the reasons set forth below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

On April 29, 2021, plaintiff filed this action against defendants FCA US LLC ("FCA" or "defendant") and Does 1 through 10, inclusive, in the Kern County Superior Court. (Doc. No. 1-2 at 3.) In his complaint, plaintiff alleges that on or around August 2, 2020, he purchased a 2020 Jeep Gladiator (the "subject vehicle") that was manufactured or distributed by FCA from a Chrysler Jeep Fiat dealership in Bakersfield, California, and that FCA gave him an express warranty in connection with that automobile purchase. (Doc. No. 1-2 at ¶¶ 4–5.) Plaintiff brings

1

1  claims under California's Song-Beverly Consumer Warranty Act against defendant for breach of
2  express warranty, breach of implied warranty, and failure to make repairs in violation of
3  California Civil Code § 1793.2, as well as a claim under California's Unfair Competition Law
4  ("UCL"), California Business & Professions Code §§ 17200, *et seq.*, for unlawful business
5  practices.  (Doc. No. 1-2 at 4–7).

6  On June 4, 2021, defendant removed this action to this federal court pursuant to 28 U.S.C.
7  §§ 1332, 1441, and 1446, on the grounds that diversity jurisdiction exists because plaintiff and
8  defendant are citizens of different states and the amount in controversy exceeds $75,000.  (Doc.
9  No. 1.)

10 On July 2, 2021, plaintiff moved to remand this action to the Kern County Superior Court,
11 arguing that neither the amount in controversy nor the diversity of citizenship requirements under
12 28 U.S.C. § 1332 are met here.  (Doc. No. 4.)  On July 27, 2021, defendant filed an opposition to
13 plaintiff's motion to remand.  (Doc. No. 7.)  On August 10, 2021, plaintiff filed a reply thereto.[1]
14 (Doc. No. 8.)

15 **LEGAL STANDARD**

16 A suit filed in state court may be removed to federal court if the federal court would have
17 had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case
18 originally filed in state court presents a federal question or where there is diversity of citizenship
19 among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331,
20 1332(a).

21 "If at any time before final judgment it appears that the district court lacks subject matter
22 jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly
23 construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to
24 the party invoking the statute."  *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.

---

[1] In his reply brief, plaintiff twice requests that this case to be remanded to the San Diego County Superior Court rather than the Kern County Superior Court.  (Doc. No. 8 at 2, 9.)  Because plaintiff originally filed this case in the Kern County Superior Court and plaintiff's motion to remand requests that this case be remanded to the Kern County Superior Court, the court assumes that plaintiff's references to the San Diego County Superior Court were made in error.

2

2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1447(c). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

**ANALYSIS**

Plaintiff contends that defendant improperly removed this action because defendant failed to satisfy its burden to establish federal subject matter jurisdiction based on diversity. (Doc. No. 4-1 at 6.) Specifically, plaintiff argues that defendant has established neither the requisite diversity of citizenship nor the required amount in controversy.[2] (*Id.*)

---

[2] In his motion to remand, plaintiff argues that even if subject matter jurisdiction exists, the court should nonetheless decline to exercise its jurisdiction because this action is a "lemon law case[] based entirely on state consumer protection law." (Doc. No. 4-1 at 16.) Plaintiff cites the decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313–14 (2005) in support of his argument that federal courts are encouraged to decline to exercise jurisdiction "where its exercise of jurisdiction would be inconsistent with the proper management of the federal judicial system or could interfere with state authority." (Doc. No. 4-1 at 16.) However, plaintiff's comity argument is inapplicable to the instant case. *See BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2009) (Fisher, J., concurring) ("[T]he diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims. District courts sitting in diversity therefore lack the option of refusing state law claims out of consideration for 'judicial economy, convenience, fairness, and comity.'") (citations omitted); *Petropolous v. FCA US LLC*, No. 3:17-cv-0399-TJW-KSC, 2017 WL 2889303, at *6 (S.D. Cal. July 7, 2017) ("[F]ederal courts generally do not have the discretion to decline to exercise original subject matter jurisdiction. They have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them'" (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))).

3

**A.     Diversity of Citizenship**

An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Diversity jurisdiction is based on the citizenship of the parties at the time the complaint is filed. *Co-Efficient Energy Systems v. CSL Industries, Inc.*, 812 F.2d 556, 557 (9th Cir. 1987).

For diversity purposes, a limited liability company is a citizen of all the states of which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a party's actual citizenship, not residency, determines diversity). In its notice of removal, defendant details the citizenship of its owners and members, reflecting that that FCA is a citizen of the Netherlands and the United Kingdom for purposes of diversity jurisdiction. (Doc. No. 1 at 7–8); *see also Heffington v. FCA US LLC*, No. 1:17-cv-00317-DAD-JLT, 2017 WL 3725935, at *2 (E.D. Cal. Aug. 30, 2017) (finding that FCA is more likely than not a citizen of the Netherlands and England for purposes of diversity). Plaintiff does not dispute that FCA is a foreign citizen for diversity purposes. (Doc. No. 8 at 7.) Rather, plaintiff contends that FCA has not sufficiently alleged in its notice of removal that plaintiff was a citizen of California at the time the complaint was filed. (Doc. No. 4-1 at 6–7, 14–15.)

For diversity purposes, a natural person is a citizen of a state if they are: (1) a citizen of the United States and (2) domiciled in that state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home where they reside with the intention to remain or to which they intend to return. *Lew v. Moss*, 797 F.2d 747, 749–50 (1986). A person who resides in a particular state is not necessarily domiciled there and thus is not necessarily a citizen of that state. *See, e.g.*, *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth."). "Residence is not an immutable condition of domicile." *Id.*

4

Although some courts have adopted a presumption that a person's residence is *prima facie* evidence of the person's domicile, the Ninth Circuit has not done so. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) (citations omitted); *see also Lopez v. Costco Wholesale Corp.*, No. 1:20-cv-01654-DAD-HBK, 2021 WL 487368, at *2 (E.D. Cal. Feb. 10, 2021) (recognizing that the Ninth Circuit has not adopted that presumption). In determining one's domicile, courts in the Ninth Circuit may consider a variety of factors, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. Domicile is determined based on "objective facts," with no single controlling factor, and "statements of intent are entitled to little weight when in conflict with facts." *Id.* The Ninth Circuit adheres to a presumption of continuing domicile, under which "once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon*, 736 F.3d at 886.

In his complaint, plaintiff does not allege his own citizenship. Defendant alleges in its notice of removal that plaintiff is a "resident and citizen" of Bakersfield, California, pointing to the home address plaintiff listed on the sales contract through which he purchased the subject vehicle. (Doc. Nos. 1 at ¶ 27; 1-1 at ¶ 10; 1-7 at 2–3.) In his motion to remand, plaintiff argues that the sales contract is insufficient to prove by a preponderance of the evidence that plaintiff is a citizen of California for diversity purposes.[3] (Doc. Nos. 4 at 6–7; 8 at 7–8.)

---

[3] Plaintiff also objects to the evidence that defendant has relied upon in removing this action. (Doc. No. 4-3 at 1–4.) However, given that plaintiff mounts a facial attack challenging the *legal* sufficiency of defendant's notice of removal (as opposed to a factual attack in which a plaintiff submits evidence to rebut a defendant's evidence), the court need not address plaintiff's objections in ruling on his motion to remand. Rather, the court will assume that the allegations in defendant's notice of removal are true, as is required. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[C]ourts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'") (citation omitted); *see also Zeppeiro v. Green Tree Servicing, LLC*, No. 2:14-cv-01336-MMM-JC, 2014 WL 12596312, at *7 (C.D. Cal. June 16, 2014) ("The allegations in the notice of removal are taken as true; the burden of adducing evidence to support them is only triggered if the plaintiff adduces evidence in a motion to remand that rebuts the factual allegations.") (citation omitted).

While plaintiff is correct that maintaining a residence in California does not necessarily make him a citizen of California for the purposes of establishing diversity jurisdiction, plaintiff's argument fails to holistically consider the evidence before the court as to that issue.  The sales contract in question lists plaintiff's name, address, and county.  (Doc. No. 1-7 at 2.)  The court notes that the sales contract reflects plaintiff not only chose to purchase the subject vehicle in Bakersfield, but also that he traded in his previous vehicle at the car dealership's Bakersfield location.  (*Id.* at 2–3.)  That plaintiff provided a Bakersfield address to the car dealership suggests that he intended for the subject vehicle's title and registration information, as well as any documents related to the 71-month term loan that financed the purchase of the vehicle, to be lodged under that address.  (*See id.* at 2.)  Likewise, plaintiff has proffered no evidence to counter FCA's allegations with regard to his citizenship, despite surely possessing knowledge of his own citizenship.  *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614–15 (9th Cir. 2016) (finding that subject matter jurisdiction was proper in part where, "rather than presenting evidence about citizenship, [the party opposing jurisdiction] simply reasserted at multiple junctures that it had doubts about the citizenship of its own officers . . . and . . . 'carefully avoided taking any position on [its] own citizenship'") (quoting *NewGen, LLC v. Safe Cig, LLC*, No. 2:12-cv-09112-RGK-JCG, 2014 WL 12628679, at *5 (C.D. Cal. Dec. 3, 2014)); *see also Alvarado v. Scholle IPN Packaging, Inc.*, No. 1:19-cv-01673-AWI-SKO, 2020 WL 6537652, at *5 (E.D. Cal. Nov. 6, 2020) ("[I]n determining whether a party has met its burden of showing that a court has subject matter jurisdiction, 'it is proper to consider which party has access to or control over the records and information required to determine whether the [jurisdictional] requirement is met'") (quoting *Carranza v. Nordstrom, Inc.*, No. 5:14-cv-01699-MMM-DTB, 2014 WL 10537816, at *9 (C.D. Cal. Dec. 12, 2014)).  In the absence of any information or evidence from plaintiff contradicting or refuting defendant's allegations, consideration of these factors indicate that by the allegations made in and evidence attached to its notice of removal (Doc. No. 1 at 6–8 and Exhibits A–F), defendant has met its burden of establishing by a preponderance of the evidence that plaintiff resided in California with an intent to remain in that state, such that plaintiff may be considered a citizen of California as of the date of the sales contact at issue in this case.

In his motion to remand, plaintiff asserts that even if consideration of the sales contract established that he was a California citizen at that time, the contract nonetheless fails to establish that he was a California citizen at the time his complaint was filed in state court.  (Doc. No. 4-1 at 14–15.)  However, this assertion is unsupported in light of the presumption of continuing domicile.  Because defendant has sufficiently alleged that plaintiff was a citizen of California as of the date of signing the sales contract, in the absence of any countervailing evidence from plaintiff, plaintiff's domicile in California continued from the August 20, 2020 purchase date through the filing of plaintiff's complaint on April 29, 2021.  *See Mondragon*, 736 F.3d at 886.

Finally, it is quite notable that in moving to remand based upon a purported lack of diversity of citizenship, plaintiff did not provide any information to the court regarding his domicile.  While the record before the court is not voluminous, the uncontroverted evidence nevertheless provides a sufficient basis upon which for the court to find that defendant has satisfied its burden of establishing that plaintiff was more likely than not a citizen of California at the time his complaint was filed.

Because FCA has sufficiently alleged that it is a citizen of the Netherlands and the United Kingdom and that plaintiff is a citizen of California, the court concludes that the diversity of citizenship requirement is satisfied.

**B.     Amount in Controversy**

The party asserting diversity jurisdiction bears the burden of proving by a preponderance of the evidence—that is, that it is "more likely than not"—that the amount in controversy exceeds $75,000.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability," *Lewis v. Verizon Comm. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will

return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail North Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *accord Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012).[4]  Moreover, "a court must include [actual and] future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

In an action brought pursuant to the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The actual price paid or payable includes paid finance charges. *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37–38 (2000). The amount directly attributable to use by the buyer is calculated in part based on the number of miles on the vehicle before the buyer first seeks repairs. *See* Cal. Civ. Code § 1793.2(d)(2)(C). A buyer who establishes a willful violation of the Song-Beverly Act may recover a civil penalty of up to "two times the amount of actual damages." *Id.* § 1794(c). The Song-Beverly Act also provide for an award of attorney's fees to a buyer who prevails on their claim. *Id.* § 1794(e).

In removing this action, defendant contends that the damages and penalties sought in this case amount to more than $75,000 because in his complaint, plaintiff prays for not less than $25,000 in actual damages and two-times that amount in penalties, totaling over $75,000. (Doc. No. 7 at 3.). Defendant also contends that including a reasonable amount of attorneys' fees in the amount in controversy calculation further confirms that this jurisdictional requirement is met in this case. (*Id.* at 6.) Plaintiff counters that defendant's assertions are mere speculation because "damages in a sum not less than $25,000" is not a specific amount, and plaintiff further argues that the $75,000 requirement must be met without including any penalties or attorneys' fees. (Doc. No. 8 at 2–3.)

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

The court agrees with defendant that the amount in controversy requirement for diversity jurisdiction is also satisfied here. According to the sales contract attached to defendant's notice of removal, plaintiff agreed to purchase the vehicle with a $25,549.63 down payment, $26,674.50 in financing, and $2,272.38 in finance charges, for a total price of $54,496.51. (Doc. No. 1-7 at 2.) However, the amount directly attributable to plaintiff cannot be calculated at this time because plaintiff has not disclosed how many miles were on the subject vehicle at the time of his first relevant repair request. Nevertheless, because plaintiff appears to have alleged in good faith in his complaint that the amount of damages was not less than $25,000 (Doc. Nos. 1-2 at ¶ 9; 1-4 at 2), the court will assume for the purposes of the pending motion that plaintiff's damages are at least $25,000. *See St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

Therefore, if plaintiff prevails on his claim and establishes a willful violation, he would be entitled to at least $50,000 in civil penalties on top of the $25,000 minimum amount of actual damages. Taken together, and adding in any amount for attorneys' fees, the amount in controversy in this case would exceed $75,000 at a minimum. Thus, defendant has sufficiently alleged that the amount in controversy requirement for diversity jurisdiction is satisfied.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand (Doc. No 4) is denied.

IT IS SO ORDERED.

Dated:  **November 17, 2021**                              /s/ Dale A. Drozd
                                                          UNITED STATES DISTRICT JUDGE